## T. W. CAMPBELL *v.* F. SEIFFER.

**Evidence—Competency of Conversation—Narartive of Past Occurrence.**
A conversation which is not concomitant with the principal act nor connected with it so as to form a part of the res gestae but a mere narrative of past occurrences can not be received as proof of the occurrence.

APPEAL FROM WARREN CIRCUIT COURT.

March 12, 1872.

OPINION OF THE COURT BY JUDGE PETERS:

The principal question presented by this record for determination is whether the conversation between appellee and Middleton as detailed by the witness Wilkins was competent.

The object of this testimony was twofold. First, to establish the fact that appellee had bought from Middleton his county claim and paid him for it. And second, that Middleton had not sold his claim to appellant, both of which were material to the issue.

As to the first it was evident that if appellee had purchased said claim it was done previously to that conversation, and it was not concomitant with the principal act of buying the claim, nor connected with it so as to form a part of the *res gestae.* But a mere narrative of a past occurrence could not be received as proof of the existence of the occurrence, 1 *Greenleaf on Evid.,* Sec. 110.

As to the second proposition the witness did not profess to have any personal knowledge whether Middleton had or not sold his county claim, but merely detailed what Middleton said on the subject, which was only hearsay and, therefore, incompetent. We perceive no error in giving or refusing instructions, but for the error in admitting incompetent evidence the judgment must be *reversed* and the *cause* remanded with directions for a new trial and for further proceedings consistent herewith.

*Gorin,* for appellant.

*J. A. Mitchell,* for appellee.